ALEXANDER LEFEVERE vs. JOHN VAN VECHTEN and another, Administrators of Lucas Elmendorf, deceased.

A defendant who suffers a default and interlocutory judgment, and induces the Plaintiff to delay entering judgment by promises of settlement of the demand, until his death, and the suit is revived against his administrators, who are allowed to come in and plead, and judgment eventually obtained for Plaintiff, he is entitled to costs against the estate of the intestate. It being a continuance of the suit commenced against the intestate in his life-time, costs should follow as if he had lived.

The exemption of executors and administrators from liability to pay costs, should not be extended beyond the strict terms of the statute, per BARCULO, Justice.

January Special Term, 1848. Dutchess county.—Motion for costs against Administrators.—The suit was commenced against Lucas Elmendorf in his life-time, to recover moneys received by him, as Surrogate of Ulster county, belonging to the estate of John I. Lefevere, of which the Plaintiff was administrator; and which Elmendorf had neglected to pay to the creditors of the last named estate. The suit was commenced in 1842, and the default of the Defendant was entered in July, 1843. The Plaintiff delayed perfecting judgment, at the instance of the Defendant, who promised from time to time to look over the accounts and ascertain the amount due to the Plaintiff; but always postponed the examination on the plea of other important business. Thus things remained until the death of Elmendorf, which seems to have occurred some time after, but the precise time is not stated. After his death a scire facias was issued to revive the suit against the present Defendants, as administrators of Elmendorf. In January, 1845, a rule was entered by stipulation between the attorneys reviving the suit, and opening the default, allowing the Defendant to plead. Issue was thereupon joined by a plea of the general issue and notice of off-set, and the cause referred to referees, who reported due to the Plaintiff, $856.65. The Plaintiff now moves for costs.

J. O. LINDERMAN, for Plaintiff.

M. SCHOONMAKER, for Defendants.

26

BARCULO, Justice.—This plaintiff puts his claim upon two grounds—

1. That the Defendant unreasonably neglected and resisted the payment of his demand.

2. That it being the continuance of a suit commenced against the intestate in his life-time, costs should follow as if he had lived.

As to the first point, the affidavits are too obscure and defective to sustain the motion on that ground alone. I think, however, that on the second ground the Plaintiff should recover his costs. The Defendant, Elmendorf, had suffered a default and interlocutory judgment to be entered against him in his life. This was an admission of indebtedness, and the Plaintiff could at once have proceeded to have the damages assessed by writ of inquiry, and might have perfected his judgment and collected his costs. He delayed doing this at the Defendant's request. The administrators then come in and plead, and put the Plaintiff to the expense of establishing his claim before referees. I see no good reason why the estate should not pay the costs.

I am decidedly opposed to extending the exemption of executors and administrators from liability to pay costs beyond the strict terms of the statute. The rule in this state is already much more liberal than the English rule, or that of the neighboring states ; and I am well persuaded that their immunity, in this respect, here, induces persons acting in these capacities to prosecute, as well as defend against, claims, frequently, which, under different circumstances, would be amicably and easily adjusted.

The plaintiff has leave, therefore, to enter up his judgment against the Defendants for costs, to be levied on the property of the estate, with $10 cost of this motion.